UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEVEN VICEDOMINI,

                                **Plaintiff,**                      **MEMORANDUM
                                                                                                          AND ORDER**

    **-against-**

                                                                             **18-CV-7467 (LDH)**

A.A. LUXURY LIMO INC. and ALBERT
ACEVEDO,

                                **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        On March 16, 2020, the District Court entered Judgment against defendants A.A. Luxury Limo Inc. and Albert Acevedo ("defendants") on the claims of plaintiff Steven Vicedomini ("plaintiff") to recover for wage deficiencies and for related damages. See Judgment (Mar. 16, 2020) (the "Judgment"), Electronic Case Filing ("ECF") Docket Entry ("DE") #22. Currently before the Court are plaintiff's motions to compel and for contempt against Maryering Castaneda ("Castaneda"), the subject of an information subpoena served in connection with plaintiff's attempts to collect on the Judgment. See Letter Motion for Contempt (Feb. 9, 2021) ("Mot. for Contempt"), DE #25; Letter Motion to Compel (Dec. 9, 2020) ("Mot. to Compel"), DE #23. For the reasons discussed below, plaintiff's motion to compel is granted and plaintiff's motion for contempt is denied without prejudice.

## BACKGROUND

        On October 26, 2020, plaintiff served Castaneda with a restraining notice and information subpoena via certified mail, return receipt requested, at her last known address. See Mot. to Compel at 1 & Ex. A thereto, DE #23-1. On November 13, 2020, having

received no response from Castaneda, plaintiff served her with a letter requesting that she serve answers to the information subpoena within seven days.  See Mot. to Compel at 1 & Ex. B thereto, DE #23-2.  Plaintiff's counsel also left a phone message at the business owned by Castaneda, Limo Star NY.  See Motion to Compel at 1.  Again, Castaneda failed to respond.  See id.

By letter-motion filed on December 9, 2020, plaintiff moved to compel Castaneda to respond to the questions in the information subpoena.  See Mot. to Compel.  On December 11, 2020, this Court directed Castaneda to respond to plaintiff's motion by December 23, 2020, and warned that the failure to comply with a subpoena served upon her could result in the imposition of sanctions, including a recommendation that she be held in contempt.  See Electronic Order (Dec. 11, 2020) (the "Order").  Plaintiff served a copy of the Order and the information subpoena on Ms. Castaneda, by regular and certified mail.  See Certificate of Service (Dec. 11, 2020), DE #24.  As Castaneda never responded to plaintiff's motion to compel, plaintiff now moves for an order holding Castaneda in contempt and imposing attorneys' fees in the amount of $1,850, and a penalty of $50.  See Mot. for Contempt.

## DISCUSSION

Motion to Compel

Under Rule 69 of the Federal Rules of Civil Procedure (the "FRCP"), a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located.  See Fed. R. Civ. P. 69(a)(1); see Soundkillers LLC v. Young Money Entm't, LLC, 14cv7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); Fed.

2

Ins. Co. v. CAC of NY, Inc., No. 14-cv-4132 (DRH)(SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015). A judgment creditor may rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment. See Fed. R. Civ. P. 69(a)(2); Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2. Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena[.]" N.Y. C.P.L.R. § 5223; see Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2. Service of the subpoena may be made by registered or certified mail, return receipt requested. See N.Y. C.P.L.R. § 5224(a)(3). If the recipient of an information subpoena fails to respond within seven days, a court may order compliance. See N.Y. C.P.L.R. § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."); Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2; see also N.Y. C.P.L.R. § 5224(a)(3).

     As a judgment creditor, plaintiff is entitled to seek information relevant to collecting on its Judgment against defendants. In his information subpoena, plaintiff demands documents and information regarding, among other things, defendant Acevedo's income from Limo Star NY, Acevedo's bank accounts, and any assets owned jointly with Acevedo. See Information Subpoena, DE #23-1. Therefore, the information sought by plaintiff is relevant to collecting the Judgment entered against defendants, and is thus discoverable pursuant to Rule 69 of the FRCP. See CAC of NY, 2015 WL 5190850, at *2; Blue v. Cablevision Sys., New York City Corp., Civil Action No. 00–cv–3836, 2007 WL 1989258, at *3 (E.D.N.Y. July 5, 2007). Although plaintiff's submissions did not make clear that the information subpoena was mailed

3

by return receipt requested, as required by C.P.L.R. § 5224(a)(3), see Information Subpoena, DE #23-1 at ECF p. 22, the Court, using the tracking information provided, independently confirmed that it was.

Accordingly, Castaneda is directed to respond to plaintiff's information subpoena within thirty days of this Order.

Motion for Contempt

While Castaneda is directed to respond to plaintiff's information subpoena, it is premature for plaintiff to seek contempt.

"[A]lthough New York State law guides the enforcement of the information subpoena, federal standards govern the determination of contempt." Soundkillers, 2016 WL 4990257, at *3 (quoting Giuliano v. N.B. Marble Granite, No. 11-MD-00753 (JG)(VMS), 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014)). "[C]ivil contempt is not ordinarily imposed for a party's disregard of a subpoena; civil contempt is most frequently imposed only when a party disregards an order directing compliance with a subpoena." Kerr v. Thomas, 14 Civ. 9168 (KBF)(HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017), adopted sub nom. Kerr v. John Thomas Fin., 2017 WL 1609224 (S.D.N.Y. May 1, 2017); see CAC of NY, 2015 WL 5190850, at *3. Thus, Castaneda should not be held in contempt for her failure to comply with an information subpoena, prior to an order directing her compliance with the subpoena.

In addition, since Castaneda was not a party to the original action, she is not within the jurisdiction of the court and must be served with process, as in any other civil action, before she may be held in contempt. See Baliga *ex rel.* Link Motion Inc. v. Link Motion Inc., 385 F.Supp.3d 212, 219 (S.D.N.Y. 2019); Soundkillers, 2016 WL 4990257, at *4; see also First

City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 55 (2d Cir. 2002) (requiring proper service of subpoena in order to hold alleged contemnor in contempt for violating subpoena). The Local Rules of this Court specifically provide that "[w]here the alleged contemnor [has not appeared,] . . . service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a). Further, a proceeding to hold a person in contempt "shall be commenced by the service of a notice of motion or order to show cause" and accompanied by an affidavit. Id. Since plaintiff's application complies with none of these requirements, it is procedurally defective.

A finding of contempt at this juncture would likewise be inappropriate under New York law. If the subpoenaed person does not comply with the subpoena, "the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y.C.P.L.R § 2308(b), which provides for a motion to 'compel compliance.'" Soundkillers, 2016 WL 4990257, at *3 (citation omitted); see Kerr, 2017 WL 485041, at *4. "Failure to comply with the compelled compliance may then give rise to contempt." Soundkillers, 2016 WL 4990257, at *3 (internal quotation marks and citation omitted); see Kerr, 2017 WL 485041, at *4 ("New York law requires a court order before a failure to comply with an information subpoena is punishable by contempt.").

Therefore, plaintiff's motion to hold Castaneda in contempt is denied without prejudice.

Finally, any renewed motion for contempt should be addressed to the District Judge. In the absence of the parties' consent to have a magistrate judge preside, a magistrate judge has

limited authority regarding civil contempt.  See Soundkillers, 2016 WL 4990257, at *4; 28 U.S.C. § 636(e)(6).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted.  Maryering Castaneda is directed to respond to plaintiff's information subpoena within thirty (30) days of the date of this Order.  Plaintiff's motion to hold Castaneda in contempt is denied without prejudice.

The Clerk is requested to docket this Order into the ECF court file; counsel for plaintiff shall promptly serve a copy on Ms. Castaneda and file proof of service.

**SO ORDERED.**

**Dated:**  Brooklyn, New York
February 17, 2021

                /s/  *Roanne L. Mann*
                **ROANNE L. MANN**
                **UNITED STATES MAGISTRATE JUDGE**